```
                    UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF WASHINGTON

CARL R. KUEBLER,                  )
                                  )   No. CV-09-071-CI
          Plaintiff,              )
                                  )   ORDER DENYING PLAINTIFF'S
v.                                )   MOTION FOR SUMMARY JUDGMENT
                                  )   AND GRANTING DEFENDANT'S
MICHAEL J. ASTRUE, Commissioner   )   MOTION FOR SUMMARY JUDGMENT
of Social Security,               )
                                  )
          Defendant.              )
                                  )
```

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 13, 16.) Attorney Rebecca Coufal represents Carl R. Kuebler (Plaintiff); Special Assistant United States Attorney David Burdett represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 6.) After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry of judgment for Defendant.

**JURISDICTION**

Plaintiff protectively filed for Supplemental Security Income (SSI) on October 27, 2004. (Tr. 21.) He alleged disability due to back pain, hepatitis C and left eye blindness, with an amended onset date of October 27, 2004. (Tr. 86, 531.) His claim was denied initially and on reconsideration. Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on November 7, 2006, before ALJ R.J. Payne. Plaintiff appeared with counsel, and medical expert Charles Grossman, M.D., testified. (Tr. 512.) A

supplemental hearing was held on July 6, 2007, at which Plaintiff and medical expert Robert Klein, Ph.D., testified. (Tr. 540.) The ALJ denied benefits, and the Appeals Council remanded for vocational expert testimony. (Tr. 596.) A third hearing was held on April 10, 2008, at which vocational expert K. Diane Kramer testified. (Tr. 596-612.) Plaintiff was incarcerated at the time; Plaintiff's representative appeared and waived Plaintiff's appearance. (Tr. 596-97.) The ALJ denied benefits; the Appeals Council denied review. The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here. At the time of the decision, Plaintiff was 47 years old with a high-school education and three years of college. (Tr. 427, 32.) Plaintiff was divorced and had one daughter who lived out of state with her mother. (Tr. 430.) Plaintiff has past work experience as a fast food worker, route driver, sign maker, and glass installer. (Tr. 120.) Plaintiff had a history of chronic alcoholism and incarcerations. (Tr. 295, 299, 439-40, 569, 588-92.) He had been diagnosed with lumbar pain, chronic hepatitis C with cirrhosis, and Best's disease in the left eye. (Tr. 306, 373, 412, 417, 518, 526.) At the hearing, Plaintiff reported he lived in a small trailer with a friend. (Tr. 586.) He testified he was unable to lift or carry more than ten pounds, walk more than a couple of blocks, or sit more than an hour before he had to rest. He also stated both of his eyes were bad and he could not read anymore. (Tr. 580-82.)

**ADMINISTRATIVE DECISION**

At step one, ALJ Payne found Plaintiff had not engaged in substantial gainful activity during the relevant time. (Tr. 23.) At step two, he found Plaintiff had the severe impairments of:

> Mild to moderate degenerative disc disease/central spinal stenosis at L4-5 (lumbar spine (the back)) with a diffuse disc bulge; moderate broad far left C6-7 (cervical spine (the neck)) disc spur; limited (one-eye) visual acuity; hearing loss requiring the use of hearing aides; history of polysubstance abuse with associated depressive symptoms (substance use disorder is a contributing factor material to the determination of disability); and borderline and antisocial personality disorders.

(Tr. 24.)

At step three, he determined Plaintiff's impairments, including the substance use disorder, met the requirements of Section 12.09 of 20 C.F.R., Part 404, Subpart P, Appendix 1 (Listings). (Tr. 26.) He then found if Plaintiff stopped the substance abuse, however, "the remaining limitations would cause more than a minimal impact on the claimant's ability to perform basic work activities," and he would continue to have severe impairments. (Tr. 27.) The ALJ specifically determined that without substance abuse, Plaintiff would not be significantly limited by non-exertional mental limitations, but would still have severe impairments due to degeneration of the lumbar spine and his limited vision and hearing loss. (*Id.*) However, he concluded the impairments without the effects of substance abuse would not meet or equal the Listings. (Tr. 28.) Citing affirmative evidence of malingering, and noting specific evidence of inconsistencies between the medical evidence and Plaintiff's allegations, the ALJ found that Plaintiff's statements regarding the intensity and limiting effects of symptoms

were not entirely credible. (Tr. 25-26, 30.) He determined that if Plaintiff stopped the substance abuse, he had the residual functional capacity to perform light work with specific non-exertional physical restrictions identified by Dr. Grossman. (Tr. 28-30.) At step four, the ALJ found Plaintiff could no longer perform his past relevant work. (*Id*.) Considering Plaintiff's RFC without the effects of substance abuse and VE testimony, he concluded Plaintiff could perform other work in the national economy, such as survey worker and cashier; therefore, he was not "disabled" as defined by the Social Security Act. (Tr. 32.)

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## SEQUENTIAL PROCESS

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary*

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

*of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

### ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ erred when he: (1) failed to find his hepatitis C and cirrhosis were severe impairments; (2) did not consider the combined effects of his impairments; (3) rejected the opinions of examining psychologist Richard Gallaher, Jr., Ph.D.; and (4) failed to include all his limitations in the hypothetical question posed to the VE. (Ct. Rec. 14 at 9-15.) He also argues Dr. Grossman, the medical expert upon whom the ALJ relied in his physical RFC findings, did not have access to all the medical records relating to hepatitis C and cirrhosis at the time of his testimony, and therefore remand is necessary for additional medical expert testimony. (*Id.*)

### DISCUSSION

**A.   Sequential Evaluation in the Context of Substance Abuse**

Where drug and alcohol abuse (DAA) is a consideration during the sequential evaluation, the regulations implemented by the Commissioner require the ALJ to follow a specific two-step analysis. 20 C.F.R. § 416.935(a). First, the ALJ must conduct the five-step inquiry without attempting to determine the impact of DAA. If the ALJ finds that the claimant is not disabled under the five-step

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

inquiry, the claimant is not entitled to benefits and there is no need to proceed with further analysis. *Id*. If the ALJ finds that claimant is disabled, and there is evidence of substance abuse, the ALJ should proceed under the sequential evaluation and § 416.935 to determine if the claimant would still be disabled absent the substance abuse. *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001).

Plaintiff still has the burden of proving his alcoholism is not a contributing factor material to a disability finding. *Ball v. Massanari*, 254 F.3d 817, 821 (9th Cir. 2001). Plaintiff must provide competent evidence of a period of abstinence and medical source opinions relating to that period sufficient to establish his alcoholism is not a contributing factor material to his alleged mental impairments. *Parra v. Astrue*, 481 F.3d 742, 748-49 (9th Cir. 2007).

**1. Step Two: Severity of Impairments With and Without the Effects of DAA**

At step two of the sequential evaluation, the ALJ determines whether a claimant suffers from a "severe" impairment, *i.e.,* one that significantly limits her physical or mental ability to do basic work activities. 20 C.F.R. § 416.920(c). To satisfy step two's requirement of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The fact that a medically determinable condition exists does not automatically mean the symptoms are "severe," or

"disabling" as defined by the Social Security regulations. *See, e.g., Edlund*, 253 F.3d at 1159-60; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985).

The Commissioner has passed regulations which guide dismissal of claims at step two. Those regulations state an impairment may be found to be not severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *SSR* 85-28.[1] "The severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." Basic work activities include: "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers, and usual work situation." *Id.*

Further, all impairments (severe and non-severe) must be considered in combination at step two to determine if, together, they have more than a minimal effect on a claimant's ability to perform work activities. 20 C.F.R. § 416.929. If impairments in combination have a significant effect on a claimant's ability to do basic work activities, they must be considered throughout the sequential evaluation process. *Id*. As explained in the

---

[1] The Supreme Court upheld the validity of the Commissioner's severity regulation, as clarified in *SSR* 85-28, in *Bowen v. Yuckert*, 482 U.S. 137, 153-154 (1987).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

Commissioner's policy ruling, "medical evidence alone is evaluated in order to assess the effects of the impairments on ability to do basic work activities." *Id*. In evaluating medical evidence, an ALJ must provide "clear and convincing" reasons for rejecting uncontradicted opinions of a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If an opinion is contradicted, it can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. *Andrews*, 53 F.3d at 1043.

Plaintiff argues his diagnosed hepatitis C with cirrhosis should have been determined severe at step two because fatigue is a symptom of hepatitis C, and it could interfere with basic work activities. (Ct. Rec. 14 at 11.) However, after a discussion of the medical evidence, the ALJ found the medical records indicated no more than mild activity for the chronic hepatitis until October 2006. (Tr. 26.) This finding is supported by substantial evidence, including records from Plaintiff's medical providers and Dr. Grossman's testimony. For example, at the November 7, 2006, hearing, Dr. Grossman testified chronic hepatitis C was noted once or twice in 2004, and then not until September 2006, when Plaintiff's liver was injured in an assault. He also testified that there is no evidence of active hepatitis C in the record, and the most recent medical provider records (September 2006) did not reflect significant symptoms or treatment. (Tr. 532-34; *see also* Tr. 216, 217, 219, 377.) Therefore, until October 2006, there is no evidence to establish hepatitis C with cirrhosis was a severe impairment, with or without the effects of substance abuse.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

Plaintiff argues records submitted after Dr. Grossman's testimony evidence hepatitis C treatment that supports a finding of "severe impairment."[2] (Ct. Rec. 14 at 11-12.) He also argues his subjective complaints of fatigue, and need for a nap daily, should be sufficient to establish hepatitis C and cirrhosis as "severe impairments." (*Id*. at 11.) However, the medical evidence does not support this argument. The fact a medical condition exists and is being treated does not mean it meets the severity requirements. 20 C.F.R. § 416.920(c); *SSR* 96-3p. Further, where substance abuse is involved, Plaintiff must prove that if he stopped using alcohol and narcotics, the alleged symptoms would cause significant limitations in his ability to perform basic work tasks. The record shows Plaintiff did not meet this burden.

In October 2006, Plaintiff was referred to Dr. Michael Parent for assessment of his liver function after the assault-related laceration. (Tr. 418.) As found by the ALJ, Dr. Parent diagnosed "Hepatitis C, chronic with cirrhosis," and noted that despite the cirrhosis, stage 4 fibrosis, Plaintiff's "synthetic function appeared fairly well preserved." (Tr. 26, 418-19.) However, Dr. Parent declined to treat Plaintiff due to Plaintiff's self-reported narcotic withdrawal and attendant depression. (Tr. 418-19.) Plaintiff returned to Dr. Parent in December 2006 for hepatitis C treatment, but Dr. Parent found Plaintiff was still drinking and taking narcotics, and therefore was "not a good candidate for

---

[2] Based on Dr. Parent's records, it appears the diagnosis of cirrhosis is related directly to the effects of Plaintiff's chronic hepatitis. (Tr. 419.)

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

treatment." (Tr. 25, 480.) In January 2007, Plaintiff reported he had stopped using alcohol and had been off narcotics for 45 days; Dr. Parent advised Plaintiff of the risks of depression and started therapy. (Tr. 480.) Clinic notes dated February 6, 2007, indicate after three doses of treatment, Plaintiff complained of chest pain (which resolved the next day), dizziness, fatigue. (Tr. 481.) On February 19, 2007, Dr. Parent reported Plaintiff had been incarcerated indefinitely. (Tr. 482.)

The record also shows that in March 2007, Plaintiff reported to examining psychologist Dr. Gallaher, that he went to jail "just before this evaluation because he drank, became belligerent and threatened to kill a police officer and the officer's children." (Tr. 429.) Further, based on observations of medical sources and objective psychological test results showing malingering and exaggeration of symptoms, the ALJ reasonably found Plaintiff's allegations and subjective complaints were not credible. (Tr. 25-26, 548-49, 551.) Thus, the ALJ did not err in rejecting Plaintiff's allegations of severe fatigue. The record is replete with evidence of ongoing narcotic abuse, chronic alcoholism, and binge drinking with no extended period of abstinence. Because Plaintiff failed to provide evidence that without the undisputed alcohol abuse and narcotic abuse, his chronic hepatitis C and cirrhosis caused significant fatigue that limited his ability to work, he did not meet his burden at step two.[3]

---

[3] Even assuming the ALJ erred when he found Plaintiff's hepatitis C with cirrhosis was not severe after the assault, any error would be harmless because correction of the error would not

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

### 2. Remand Medical Expert Testimony

Plaintiff contends that remand is necessary for medical expert testimony regarding records not reviewed by Dr. Grossman. The decision to call a medical expert for additional evidence on the nature and severity of impairments is within the discretion of the ALJ. 20 C.F.R. § 416.927(f)(2). Medical opinions from a medical expert are required only "[w]hen . . . in the opinion of the [ALJ] or the Appeals Council the symptoms, signs and laboratory findings reported in the case record suggest that a judgment of equivalence may be reasonable." *Social Security Ruling* (SSR) 96-6p. Here, the record does not suggest reasonably that equivalency is an issue, and Plaintiff offers no theory of equivalency. In addition, the ALJ did not indicate the record was insufficient to properly evaluate evidence presented after Dr. Grossman's testimony. As discussed above, the evidence presented after Dr. Grossman's testimony clearly indicates Plaintiff was continuing to abuse alcohol, and supports the ALJ's final determination that substance abuse was a contributing factor to alleged disabling symptoms. *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007). Remand for medical expert testimony is neither required nor warranted.

### 3. Consideration of Impairments in Combination

---

change the ALJ's final determination. *Stout v. Commissioner, Social Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006) (no reasonable ALJ could have reached a different disability determination if error corrected). Plaintiff failed to prove substance abuse was not a contributing factor to his alleged disabling symptoms, and therefore he is not entitled to benefits. *Bustamante*, 262 F.3d at 954.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

Plaintiff correctly asserts that the ALJ has a duty to consider the effects of all impairments in combination when assessing his ability to work. (Ct. Rec. 14 at 12.) He argues the ALJ failed to include the effects of fatigue, pain, and depression in his hypothetical. (*Id.*) However, the ALJ considered these conditions in his first sequential evaluation when he found Plaintiff met the requirements of Listing section 12.09, with the effects of alcohol and narcotic use. (Tr. 24-26.) Plaintiff does not dispute the finding of disability. In his second sequential evaluation without the effects of alcohol and narcotic abuse, the ALJ properly found Plaintiff's mental impairments and hepatitis C with cirrhosis were not severe. (Tr. 28-29.) He then included limitations supported by record, including medical expert testimony, in his hypothetical question and RFC determination. (Tr. 28-29.)

Physical limitations included mild to moderate pain and the effects of medication, as well as credible limitations resulting from Plaintiff's back condition, hearing loss, and vision limitations. (Tr. 28-29.) As discussed in this decision, psychological limitations without the effects of chronic alcoholism were found not significant, as evidenced by psychological evaluations by Dr. Gallaher and Dr. Klein's testimony. (Tr. 29, 290-99, 427-43, 546-53.) Plaintiff presented no evidence to establish a period of sobriety or that he suffered disabling symptoms absent his documented drug and alcohol abuse. The ALJ's evaluation of Plaintiff's impairments in combination without the effects of substance abuse is without error and supported by substantial evidence.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

**B.   Dr. Gallaher's Medical Opinions**

Plaintiff contends the ALJ erred by dismissing the opinions of Dr. Gallaher; however, he does not specify which opinions were rejected that should have been credited. (Ct. Rec. 14 at 13-14.) The court is unable to consider matters that are not "specifically and distinctly argued" in a party's brief. *Carmickle v. Commissioner, Soc. Security Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008); *Paladin Associates, Inc., v. Montana Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003). In addition, it is noted on review of the record that the ALJ fully considered Dr. Gallaher's reports, and found Plaintiff was disabled with the effects of alcohol and narcotic abuse due to substance induced mental disorders and substance addiction disorders. (Tr. 24, 25, 26.) This finding is consistent with Dr. Gallaher's two psychological assessments in which he noted chronic alcoholism as a primary diagnosis and opined Plaintiff was unable to work due to his episodic drinking and limited ability to remain sober. (Tr. 299, 439-40.)

In his second sequential evaluation, the ALJ found no severe mental impairments without the effects of alcoholism. (Tr. 27.) This finding is also consistent with Dr. Gallaher's findings that were based on objective psychological testing. As reported, Plaintiff was of average intelligence, could reason, understand, persist and concentrate in work related activities. (Tr. 299, 440.) The ALJ credited Dr. Gallaher's opinions in his sequential evaluations, and thus was not required to reject them.

**C.   Hypothetical Question**

At step four, the ALJ found that without the effects of

substance abuse, Plaintiff could not perform his past relevant work, including that of fast food worker, and proceeded to step five. (Tr. 30.) Plaintiff argues the ALJ erroneously excluded the effects of fatigue and other non-specified limitations in the hypothetical presented to the VE. (Ct. Rec. 14 at 15.) At step five, the burden of proof shifts to the Commissioner to show there are a significant number of jobs in the national economy that Plaintiff can still perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). The ALJ may rely on vocational expert testimony if the hypothetical presented to the expert includes all functional limitations supported by the record and found credible by the ALJ. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). The ALJ is responsible for determining credibility and resolving conflicts in the evidence when determining a claimant's ability to perform basic work. 20 C.F.R. § 416.927, .946; *SSR* 96-5p (RFC assessment is an administrative finding of fact reserved to the Commissioner). *See also Richardson,* 402 U.S. at 400 ; *Andrews*, 53 F.3d at 1039; *SSR* 96-8p (determination of disability is Commissioner's statutory responsibility).

Although Plaintiff argues the VE found he could not work with limitations propounded by his representative at the hearing, (Ct. Rec. 14 at 15), the ALJ was not obliged to accept these limitations as true. *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). The ALJ properly found Plaintiff's statements regarding the intensity of symptoms and limitations caused by hearing and vision impairments were not supported by the evidence and not credible. (Tr. 29.) Consistent with the evidence and medical expert

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 15

testimony, the ALJ included restrictions on jobs requiring good depth perception or peripheral vision, noise limitations, unprotected heights and machinery vibration. (Tr. 29, 600-601, 602-605.) Taking into consideration Plaintiff's lumbar pain degeneration and pain, he also included a sit-stand option and limits on pushing, pulling and postural limitations. (Tr. 27, 29.) Regarding limitations caused by fatigue and depression, as discussed above, the ALJ reasonably discounted the limiting effects claimed by Plaintiff, and Plaintiff did not prove that without the effects of chronic alcoholism and narcotic abuse, he would experience significant fatigue and depression. Therefore, the ALJ was not required to include these non-exertional limitations in his step five hypothetical. *See Parra*, 481 F.3d at 748. The ALJ's hypothetical question and final RFC determination are supported by substantial evidence and reflect a reasonable interpretation of the evidence in its entirety.

## CONCLUSION

The Commissioner's determination is supported by substantial evidence and without legal error. Plaintiff did not meet his burden of proving that he is disabled absent the effects of chronic alcoholism and narcotic abuse. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **DENIED**;

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 16)** is **GRANTED;**

The District Court Executive is directed to file this Order and

provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant, and the file shall be **CLOSED**.

DATED January 11, 2010.

               S/ CYNTHIA IMBROGNO
            UNITED STATES MAGISTRATE JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 17